**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **BANCO BILBAO VIZCAYA ARGENTARIA,**<br><br>Appellant,<br><br>v.<br><br>**NOREEN WISCOVITCH-RENTAS,**<br><br>Appellee. | **Civil No. 08-2323 (GAG)**<br><br><br>**Bankruptcy No. 05-13056 (ESL)** |

**OPINION AND ORDER**

Presently before the court is the appeal by defendant-appellant Banco Bilbao Vizcaya Argentaria ("BBVA") of an Opinion and Order issued by the United States Bankruptcy Court for the District of Puerto Rico, which found for plaintiff-appelle Noreen Wiscovitch-Rentas ("Wiscovitch-Rentas"), trustee for the estate of Manuel Enrique Net-Velázquez ("Debtor"), in an action to avoid a preferential transfer pursuant to 11 U.S.C. § 547(b). The issue before the Bankruptcy Court was the ownership of the proceeds from the sale of certain real property that were deposited by the debtor in an account held by one of debtor's companies, Code Inspectors & Management Corp. ("Code Inspectors") at Doral Bank ("Doral"). The funds were attached within the 90-day preference reachback period described in 11 U.S.C. § 547(b) by BBVA, a creditor with a lien over the debtor's real property that was the source of the funds. BBVA argues that the Bankruptcy Court erred in determining that the attached funds belonged to Debtor, as opposed to Code Inspectors, and that, therefore, the attachment constitutes an avoidable preference. For the reasons set forth below, the court **AFFIRMS** the judgment of the Bankruptcy Court.

**I.   Jurisdiction**

This is an appeal of the Decision and Order by the United States Bankruptcy Court for the District of Puerto Rico on October 27, 2008 in Bankruptcy Case No. 05-13056 (ESL). The Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. § 1334, which confers jurisdiction on this court as to all matters arising under 11 U.S.C. §§ 101 et seq., and pursuant to this court's resolution

**Civil No. 08-2323 (GAG)**                                                   2

dated July 19, 1984, which, in turn, refers all Title 11 matters to the United States Bankruptcy Court for the District of Puerto Rico. This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1).

**II.     Standard of Review**

Appellate courts reviewing a bankruptcy appeal generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. TI Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995); In re Savage Indus., Inc., 43 F.3d 714, 719-20 n.8 (1st Cir. 1994). Where the issue on appeal is essentially one of statutory interpretation, appellate courts review the issue *de novo*. In re San Miguel Sandoval, 327 B.R. 493, 506 (1st Cir. BAP 2005) (citing Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995)). In addition to the clearly erroneous and *de novo* standards of review, "[t]he appellate court in a bankruptcy appeal may apply an abuse of discretion standard of review of a decision or action by a Bankruptcy Court when such decision is within the discretion of the Bankruptcy Court." Id. (quoting 9E Am.Jur.2d Bankruptcy § 3512 (2004)).

**III.    Relevant Facts and Background**

The following factual summary is derived from the record on appeal, and contains only the facts necessary to resolve the issues presented in the instant appeal.

In June 2004, BBVA sued Debtor and others in a state court collection of money action. A year later, BBVA filed with the Registry of the Property a judicial writ regarding the collection of monies action, issued by the Puerto Rico Court of First Instance, ordering the attachment of a property owned by Debtor and his wife in the amount of $300,000.00. On August 31, 2005, Debtor and his wife sold the referred property to Florencio Berrios Castrodad ("Castrodad"). The financial institution that financed the purchase of the property was BBVA. Upon the sale of the real property, BBVA did not retain any monies for the payment for its lien. Instead, it gave Debtor and his wife a manager's check in the amount of $354,373.30. Debtor was aware of the $300,000.00 attachment at the closing of the sale, but said nothing. Considering the proceeds of the sale to be his own, Debtor proceeded to deposit the monies in an account held at Doral in the name of Code Inspectors,

**Civil No. 08-2323 (GAG)**                3

a company formed several months earlier by Debtor and his wife, who are its sole shareholders and officers, as well as the only people authorized to manage the Doral account. At trial, Debtor testified that he deposited the funds in the Code Inspectors account "for the intention that try [sic] to begin work in another company, because I have to continue with my life[,]" and that he did not acquire any shares in exchange for the funds. Transcript of Hearing, Appellant's Appendix at 86, Docket No. 4-3 at 40. On September 15, 2005, BBVA attached the $351,383.10 available in Code Inspector's Doral account, even though Code Inspectors did not owe money to BBVA. At trial, BBVA testified that "at the moment we ordered the attachment [of the Doral account] we though the money was in his [Debtor's] name." Transcript of Hearing, Appellant's Appendix at 112, Docket No. 4-3 at 66.

Eighty-nine (89) days after the attachment, on December 13, 2005, Debtor filed a petition under Chapter 7. The schedules filed by Debtor in his petition included Code Inspectors' Doral account. Wiscovitch-Rentas, who was appointed Chapter 7 trustee of Debtor's estate, filed an adversary proceeding under 11 U.S.C. § 547(b) to recover the preferential transfer made to BBVA upon the attachment of the funds deposited in Code Inspectors' account. After several procedural events, and after the matter went to trial, the Bankruptcy Court stated that the ultimate legal question was whether by the act of depositing the funds in Code Inspectors' account Debtor lost or transferred ownership of the funds, so that the attachment could not constitute a "transfer of an interest of the debtor in property." 11 U.S.C. § 547(b).[1] The parties briefed the court on the issue of ownership and, on October 27, 2008, the Bankruptcy Court found in favor of Wiscovitch-Rentas.

Citing relevant Puerto Rico law, the Bankruptcy Court held that the company was a mere conduit for the funds in a "one step" attachment transaction between the Debtor and the Bank and did not have any rights in, or control and domination of, the check or the funds. The court cited relevant Puerto Rico law and determined that there was no evidence of a "free and clear" transfer of possession from Debtor to Code Inspectors, or of any intent to part with ownership of the funds in favor of that company. "The 'nature of the transaction' was that of a mere gratuitous 'deposit'

---

[1] Except for the "interest of debtor in property" element, it was never disputed that this case facially satisfies the other elements of a § 547(b) preference action.

**Civil No. 08-2323 (GAG)**                                                                 4

by the Debtor of the funds into the account, for his benefit and not in consideration of anything received from the company. [. . . .] Debtor inteded to treat the Doral account as a personal "piggy bank" to keep his money, without any intention of investing or loaning the funds to the company or of going into business with the company." Opinion and Order, Appellant's Appendix at 142 & 149, Docket No. 4-4 at 18 & 25.  As such, the deposit of the funds did not invest Code Inspectors with any legal or equitable interest in the same, especially since there is no evidence to show that Code Inspectors ever exercised dominion over the funds.  In the same vein, and based on the unrebutted testimony of Debtor, the court determined that when he deposited the funds in the Doral account Debtor never intended to make a capital contribution to Code Inspectors.  The court also found that under the Law of Negotiable Instruments of Puerto Rico, 19 L.P.R.A. §401 et seq., the company did not acquire any rights to the check or its proceeds because Debtor never transferred, negotiated, or specially endorsed the check to the company.  Finally, the court rejected BBVA's alternative argument that the funds had been "earmarked" for its benefit and were not meant to be transferred to Debtor, since no evidence was offered of an arrangement between the bank and the purchaser of Debtor's property to substitute one creditor for another "with no property transfer *by* the debtor." Opinion and Order, Appellant's Appendix at 148, Docket No. 4-4 at 24 (citing In re Lazarus, 478 F.3d 12, 15 (1st Cir. 2007) (discussing the earmarking doctrine)).

      BBVA filed notice of appeal of the Bankruptcy Court's judgment on November 20, 2008, and submitted its brief on December 29, 2008.  Wiscovitch-Rentas timely submitted its appelle brief on January 22, 2009.

**IV.  Discussion**

      After an extensive review of the appellant's and appellee's briefs, as well as the Opinion and Order of the Bankruptcy Court and independent research done by this court, the court finds that the Bankruptcy Court's rationale in its Decision and Order was indeed correct.  Therefore, this court adopts the well-reasoned opinion of the Bankruptcy Court.

      As for the defenses under the Law of Negotiable Instruments of Puerto Rico raised by BBVA for the first time on appeal, –specifically, the right under P.R. Laws Ann. tit. 19, §§ 605(a)(2), 606,

**Civil No. 08-2323 (GAG)**                                             5

and 668(b) to recover the payment made by mistake to Debtor and his wife (error of fact), and to setoff the same against the debt owed to BBVA– the court finds that they have been waived. Federal Rule of Civil Procedure 8(c) requires parties, "[i]n responding to a pleading," to "affirmatively state any avoidance or affirmative defenses." While setoff and payment by error of fact are not listed specifically in the rule, they are arguments constituting an "avoidance," and, thus, come within the ambit of the rule. Courts may consider affirmative defenses raised after the pleadings stage only when they are fully tried under the express or implied consent of the parties, see Federal Deposit Insurance Corporation v. Ramírez-Rivera, 869 F.2d 624, 626-27 (1st Cir. 1989) (citing Fed.R.Civ.P. 15(b) & 8 C. Wright & A. Miller, Federal Practice and Procedure § 1278 (1987)). "Thus any affirmative defense that was not raised in any capacity at trial cannot be raised for the first time on appeal." Id. at 627 (citations omitted); see also McCoy v. Massachusetts Institute of Technology, 950 F.2d 13, 22 (1st Cir. 1991) ("It is hornbook law that theories not raised squarely in the district court cannot be surfaced for the first time on appeal.") (citations omitted). Since it is undisputed that BBVA did not raise these defenses until the appeal and after final judgment by the Bankruptcy Court, BBVA cannot now set aside a judgment because of its failure to interpose defenses that should have been presented at trial.

Appellant BBVA also argues that, since half of the garnished funds belonged to Debtor, while the other half belonged to his wife, only Debtor's half could go to the estate because only he filed for bankruptcy. Appellant is mistaken. As pointed out by the appelle, this court has previously stated that "in community property jurisdictions such as Puerto Rico, when one spouse files for bankruptcy, the interests in the community property of both the debtor and non-debtor spouse become property of the estate for the satisfaction of claims against the debtor." In re Rivera, 214 B.R. 50, 51 (D.P.R. 1997) (internal citations omitted) (citing In re López Meléndez, 145 B.R. 740, 742 (D.P.R. 1992); see P.R. Laws Ann. tit. 31, § 3621. In addition, under the Bankruptcy Code the debtor's community property is part of the bankruptcy estate, along with his personal property. See 11 U.C.S. § 541(a)(2); see also In re Rivera, 214 B.R. at 52. Therefore, this court upholds the Bankruptcy Court's order that all garnished funds be returned to the Debtor's estate.

**Civil No. 08-2323 (GAG)**                    6

**V.     Conclusion**

For the aforementioned reasons, the judgment of the Bankruptcy Court is hereby **AFFIRMED.**

**SO ORDERED**.

In San Juan, Puerto Rico this 8th day of May 2009.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge